UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) Case No.  4:23-CR-293-HEA | |
| **BRANDON BOSLEY,** | | |
| | ) | |
| Defendant. | ) | |

## SENTENCING MEMORANDUM

Brandon Bosley was convicted of defrauding an insurance company out of $6,253.90.  Most people wouldn't believe this conduct or amount of loss would rise to the level of a federal prosecution. But most people don't have the surname, Bosley. It is no surprise that over 40 people have written letters of support on behalf of Brandon. His tireless work on behalf of his community has earned their trust and loyalty. Brandon has lived a life that honors the Bosley legacy in Saint Louis City.

On January 23, 2026, Mr. Bosley was found guilty by jury trial of three counts of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 2, 1343, and one count of False Statements in violation of 18 U.S.C. § 1001.  A presentence investigation report was prepared. Based upon a total offense level of 13 and a criminal history category of I, his guideline imprisonment range is 12 months to 18 months imprisonment. This guideline range is in Zone C of the Sentencing Table. Therefore, the minimum term may be satisfied by a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (c), provided that at least one half of the minimum term is satisfied by imprisonment. USSG §5C1.1(d). Mr. Bosley is asking this Honorable Court to impose a sentence of home detention.

Mr. Bosley has never been to prison.  Mr. Bosley has no prior felony convictions. The letters of support demonstrate the impact he has had on the lives of family, friends, co-workers and community activists who can attest to his upstanding character. Brandon organized charity events that provided Christmas gifts to the children of less fortunate community members.  He has long served as a

mentor to young men in his neighborhood. His advice and support have been a blessing to young men in the Hyde Park area. He is someone the community depends on. During voir dire of potential jurors, the Court asked if anyone knew or had met Mr. Bosley. A venireperson responded in the affirmative and approached sidebar. He explained to the Court his one meeting with Brandon Bosley. The venireperson explained that he had a son who was homeless and that Mr. Bosley was letting him live at one of his properties, free of charge. Brandon was helping this young man get back on his feet and out of a bad situation. This venireperson picked his son up at said property and thanked Brandon for his help. That was just one story from a community member, but it paints an accurate picture as to the type of person Brandon is.

A defendant's guideline range is advisory. *United States v. Booker*, 543 U.S. 220, 244 (2005).  Under *Booker* and its progeny, sentencing courts may not treat the applicable guideline range as presumptively reasonable.  *Nelson v. United States*, 129 S.Ct. 890 (2009). Instead, the advisory guideline range must be weighed against the other factors listed in 18 U.S.C. § 3553(a).  *Kimbrough v. United States*, 128 S.Ct. 558, 564 (2007).  In the pursuit of a just sentence, district courts may devise policies and impose sentences that are at odds with the policies articulated by the Federal Sentencing Guidelines.  *Spears v. United States*, 129 S.Ct. 840 (2009). Regardless of what the applicable guideline range suggests, 18 U.S.C. § 3553(a) directs the district courts to impose a sentence no longer than necessary to accomplish the purposes of punishment pursuant to § 3553.

The Court may wish to consider a downward variance when taking into account the factors outlined in Section 18 U.S.C. § 3553(a).  This section permits the sentencing court to consider the history and characteristics of the defendant when considering a sentence outside of the advisory guideline system.  In paragraph 90, **FACTORS THAT MAY WARRANT OUTSIDE OF THE ADVISORY GUIDELINE SYSTEM**, U.S. Probation Officer, Hillary Wilburn, states "The probation office has identified factors under 18 U.S.C. § 3553(a) that may warrant a variance and imposition of a non-guideline sentence based on the history and characteristics of the defendant. Bosley reported a history of mental health symptoms of depression, anxiety, narcolepsy, and suicidal thoughts, as well as childhood sexual abuse. He reported a history of daily marijuana use. Bosley may benefit from mental health and substance abuse treatment. The defendant has never served a term of imprisonment before, and the instant offense is his first felony conviction. Accordingly, the Court may wish to consider whether the circumstances of the offense and the characteristics of the defendant rise to the level that would warrant a sentence outside the subscribed guideline range pursuant to 18 U.S.C.

§3553(a)."

Regardless of the Court's determination of the applicable Guidelines range, a sentence of home detention effectuates the purpose of punishment articulated by Section 18 U.S.C. § 3553(a) and is sufficient, but not greater than necessary to effectuate all the purposes of punishment the Court must consider.  There is no reason to believe that a sentence other than home detention is necessary to further the goals of rehabilitation, deterrence, incapacitation, or promoting respect for the law.

WHEREFORE, counsel is requesting a sentence of home detention or any other sentence reduction this Court deems fair and equitable.

Respectfully submitted,


  /S/ JOSEPH M. HOGAN
Joseph M. Hogan, 47008MO
Attorney for Defendant
7710 Carondelet, Ste. 404
Clayton, Missouri 63105
(314) 863-9898
jmhogan4090@sbcglobal.net


CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically delivered to:

United States Attorney's Office
111 South 10th Street
St. Louis, Missouri 63102

This 14th day of April 2026.

            /S/ JOSEPH M. HOGAN